*AMENDED ALD-185                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1789
_____

IN RE: E. EDWARD ZIMMERMANN,
Petitioner

_____

On a Petition for Writ of Mandamus from
the United States District Court
for the Eastern District of Pennsylvania
(Related to E.D. Pa. No. 2-16-cv-04564)
_____

Submitted Pursuant to Fed. R. App. Pro. 21
April 19, 2018
Before: MCKEE, VANASKIE and SCIRICA, Circuit Judges

(Opinion filed: June 25, 2018)
_____

OPINION*
_____

PER CURIAM

Petitioner E. Edward Zimmermann petitions for a writ of mandamus. For the

reasons that follow, we will deny the petition.

Petitioner filed a civil action in the United States District Court for the Eastern

District of Pennsylvania against the United States Department of Labor, the National

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute
binding precedent.

Labor Relations Board, and the Pennsylvania Department of General Services, seeking money damages and a judicial declaration that federal and state regulation of the minimum wage violates his constitutional rights. The U.S. District Judge originally assigned to the case granted the state defendant's motion to dismiss with prejudice pursuant to the Eleventh Amendment, but allowed Petitioner to amend his claims as to the federal defendants. In his amended complaint, Petitioner alleged that he would like to compete for government construction contracts but had been unable to do so because of the defendants' conduct. Specifically, it appeared that Petitioner was challenging the requirement that he pay the federal and state minimum wage.[1] The federal defendants moved to dismiss the amended complaint for lack of standing, see Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992), pursuant to Federal Rules of Civil procedure 12(b)(1) and 12(b)(6).

On April 10, 2018, Petitioner filed the instant mandamus petition, in which he repeated the allegations in his civil action that federal and state governments lack the power to regulate minimum wages. He noted that the defendants had taken the position in his civil action that he lacked standing to pursue such a claim, and asserted that the District Judge who is presiding over his case had failed to timely rule on the standing issue. Petitioner also complained that, as a result of his litigation, three federal marshals had visited him at work and interrogated and harassed him. In his mandamus petition, Petitioner asked this Court to: (1) direct the District Court to remove his name and

---

[1] See, e.g., United States v. Darby, 312 U.S. 100, 125 (1941) (rejecting claims that minimum wage requirements of Fair Labor Standards Act of 1938 exceeded Congress' commerce power and violated the Fifth Amendment).

contact information to protect his physical safety and privacy rights; (2) seal all documents associated with this litigation; (3) direct the District Court to rule on the standing issue; and (4) order the federal marshals to stop their investigation of him and to stop harassing him.

We will deny the petition for writ of mandamus. Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law." Petitioner sought disposition of the federal defendants' motion to dismiss. In an order entered on April 8, 2018, the District Judge granted the defendants' motion and dismissed Petitioner's amended complaint in its entirety, and further denied Petitioner's "Motion Under Seal to Review this Matter in Private" and "Rule 5.1.5 Motion to Seal this Matter." Accordingly, to the extent that petitioner has obtained a ruling on the standing issue and his case is now closed, his mandamus petition is moot. See Artway v. Att'y Gen. of New Jersey, 81 F.3d 1235, 1246 (3d Cir. 1996).

The remainder of Petitioner's requests do not warrant mandamus relief. A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must show, among other things, a clear and indisputable right to the writ. See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992). We decline to seal all documents associated with this litigation and decline to direct the District Court to remove Petitioner's name and contact information from his civil action. There is a strong presumption of public access to judicial records and

3

documents.  Leucadia, Inc. v. Applied Extrusion Technologies, Inc., 998 F.2d 157, 161 (3d Cir. 1993).  Petitioner's mandamus petition does not credibly explain why disclosure of the material associated with this mandamus petition, his civil action, or his identity would work any injury to him and thus he has not shown a clear an indisputable right to the writ.[2]  We further decline to direct the U.S. Marshal Service to cease its investigation, if any, of Petitioner's threatening conduct.[3]

For the foregoing reasons, we will deny the petition for writ of mandamus. Petitioner's request to expedite decision, contained in an amendment to the petition, is denied.

---

[2] For the same reasons, we deny Petitioner's motion to proceed in this Court pseudonymously and to seal the petition for a writ of mandamus.  We direct our Clerk to unseal the petition and to include Petitioner's name on the docket.

[3] As Petitioner has pointed out, his "comment" that "if the US Attorney intends to strip [him] of his first and thirteenth amendment rights … [t]he US Attorney can rest assured that will happen only after [he] runs out of his second amendment rights," may well "earn [him] additional visits from … federal law enforcement officials."  Petition, at 5.